IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. AP-76,223 & AP-76,224




EX PARTE ROBERT LATIMER, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 20384A AND 20383A IN THE 91ST DISTRICT COURT
FROM EASTLAND COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged and convicted
of forgery in two separate indictments and sentenced to twelve years’ confinement in each cause. 
He did not appeal his convictions. 
            Applicant alleges inter alia that punishment for these state jail felony forgery offenses was
improperly enhanced to the second degree felony punishment range. Specifically, he alleges that the
State used one state jail felony conviction and one non-state jail felony conviction to enhance
punishment to the second degree felony punishment range but should have used two non-state jail
felonies. He alleges that the punishment assessed for these state jail felony offenses was illegal
because it exceeded the maximum authorized by law. 
            On March 18, 2009, this Court remanded these applications to the convicting court so that
the record could be supplemented with more evidence. On July 7, 2009, the trial court entered
findings of fact and conclusions of law recommending that relief be granted. 
            On the basis of the trial court’s findings of fact and our own independent review of the
records, we find that Applicant’s illegal sentence claims have merit. Applicant pled guilty pursuant
to plea agreements but the enhancement paragraphs were improper. These offenses were state jail
felony forgery offenses, enhanced by a state jail theft conviction from 1995, and a third degree felony
theft conviction from 2001. The State could not use the prior state jail felony conviction to enhance
punishment to the second degree felony punishment range. See Campbell v. State, 49 S.W.3d 874
(Tex. Crim. App. 2001). The punishment assessed for these state jail felonies was illegal because
it exceeded the maximum authorized by law. Because these illegal sentences were products of
negotiated pleas, the entire convictions must be vacated. Ex parte Rich, 194 S.W.3d 508 (Tex. Crim.
App. 2007). 
            Relief is granted. The judgments in Cause Nos. 20384A and 20383A in the 91st Judicial
District Court of Eastland County are set aside, and Applicant is remanded to the custody of the
Sheriff of Eastland County to answer the charges against him.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
Delivered: September 16, 2009
Do Not Publish